UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.

JESSE FEHR,

                              Plaintiff,

                                                              **COMPLAINT**

           -against-

BROWNING'S FITNESS, INC., and MARYANN BROWNING, *Individually*,

                              Defendants.
------------------------------------------------------------------X

        Plaintiff, JESSE FEHR, by his attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of Defendants, Browning's Fitness, Inc. and Maryann Browning, and alleges as follows:

## NATURE OF THE CASE

    1.    Plaintiff FEHR brings this action charging that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq.* and seeks damages to redress the injuries Plaintiff has suffered as a result of being subjected to gender discrimination by Defendants.

## JURISDICTION AND VENUE

    2.    Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

    3.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. § 1367.

    4.    Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), based upon the

1

fact that the claims alleged herein took place within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC on or about October 28, 2016 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8. Plaintiff JESSE FEHR ("FEHR") is a resident of the State of New York, County of Kings.

9. Defendant BROWNING'S FITNESS, INC. ("BROWNING'S FITNESS") is a domestic business entity, with its principal place of business located at 980 Madison Avenue, 5th Floor, New York, NY 10075.

10. Plaintiff FEHR was a pre-employment candidate for a "Part Time Front Desk Associate" position with Defendant BROWNING'S FITNESS.

11. Defendant MARYANN BROWNING ("BROWNING") is, upon information and belief, the Sole Owner and Founder of BROWNING'S FITNESS.

12. At all times material, Defendant BROWNING had the authority to hire Plaintiff.

13. Defendants BROWNING'S FITNESS and BROWNING are jointly referred to herein as the "Defendants."

## MATERIAL FACTS

14. On March 17, 2016, Plaintiff FEHR applied for the position of "Part Time Front Desk Associate" with Defendants via Craigslist.

2

15. Defendant BROWNING responded to Plaintiff FEHR by email on March 19, 2016, inquiring as to Plaintiff FEHR's desired rate of pay, availability, and interest in working as a trainer and working at the front desk.

16. Plaintiff FEHR replied with to BROWNING via email with his desired rate of pay and availability, and added that he could work as a trainer contingent upon proper compensation. Defendant BROWNING then asked Plaintiff FEHR to call her that day after 6:00 p.m.

17. Per Defendant BROWING's request, Plaintiff FEHR called Defendant BROWNING shortly after 6:00 p.m. However, Defendant BROWNING did not answer the phone. Plaintiff FEHR left Defendant BROWNING a voicemail and followed-up with an e-mail stating that Plaintiff FEHR called Defendant BROWNING and left her a voicemail.

18. Defendant BROWNIG did not return Plaintiff FEHR's call or respond to his e-mail. Plaintiff FEHR then called BROWNING again on or about March 21, 2016. When Defendant BROWNING answered the phone, she expressed to Plaintiff FEHR that Defendants "only hire women for the front desk," adding that Defendants already had someone in line for that position. Defendant BROWNING then asked why Plaintiff FEHR wanted to work at the front desk and not train. Plaintiff FEHR responded that he would work as a trainer as well, adding that he had, however, applied for any position in the field of fitness.

19. Defendant BROWNING then asked Plaintiff to meet with her on March 28, 2016 at noon, and asked Plaintiff FEHR to text Defendant BROWNING to confirm the appointment prior to March 28, 2016.

20. Following Defendant BROWNING's directions, Plaintiff FEHR texted Defendant BROWNING on March 26, 2016 to confirm their appointment. Defendant BROWNING responded asked Plaintiff who he was. When Plaintiff FEHR reminded Defendant BROWNING

3

of their exchange, Defendant BROWNING asked again whether Plaintiff was interviewing for the front desk position or the trainer position. Plaintiff FEHR responded, "either one." Defendant BROWNING then asked Plaintiff FEHR to meet with her on March 30, 2016 at noon.

21. On or about March 30, 2016, Plaintiff FEHR arrived at BROWNING's FITNESS for his meeting with Defendant BROWNING. As soon as Defendant BROWNING saw Plaintiff, she stated, "You must be interviewing to be a trainer."

22. Towards the end of the interview, Defendant BROWNING informed Plaintiff FEHR that he should set up an appointment with Matt (Last Name Unknown) to begin training as a "Trainer." Plaintiff FEHR's training appointment with Matt was set for March 31, 2016. However, on March 31, 2016, Plaintiff FEHR became ill and notified Defendants' front desk that he would not be able to attend the meeting due to his illness.

23. Defendants' employee, Krystal, responded to Plaintiff FEHR promising that she would "relay [Plaintiff's] message to MaryAnn and Matt" and stated she would contact Plaintiff with "rescheduling options" later that day. However, Defendants did not contact Plaintiff FEHR.

24. On or about April 4, 2016, Plaintiff FEHR texted Defendant BROWNING to reschedule his appointment. To Plaintiff FEHR's surprise, Defendant BROWNING responded that the position was filled.

25. Questioning Defendant BROWNING's honesty, Plaintiff FEHR created an e-mail account with the name "Jennifer Batesmith". On April 7, 2016 Plaintiff contacted Defendants through Craigslist using the Jennifer Batesmith account and asked if the front desk position was still available. The next day, Defendant BROWNING responded to the e-mail from "Jennifer Batesmith" confirming that the front desk position was still available, and stated that Defendants "need[ed] another person." Then, Plaintiff FEHR, as Jennifer Batesmith, sent Defendants a resume

which was nearly identical to his resume, but with the name Jennifer Batesmith. In response, Defendant BROWNING asked "Jennifer Batesmith" regarding her desired rate of pay and availability.

26. To confirm that Defendants were denying the opportunity for the desk position to males, Plaintiff FEHR created an additional account using the name Griff Whalen. As Griff Whalen, Plaintiff sent an e-mail to Defendants through Craigslist asking if the front desk position was still available. Defendants did not respond to "Griff Whalen's" e-mail.

27. Defendants denied Plaintiff FEHR the "Part Time Front Desk Associate" solely on the basis of his gender.

28. Plaintiff FEHR was unlawfully treated, humiliated, degraded, victimized and embarrassed and, as a result, suffers loss of rights, emotional distress, loss of income, and earnings.

29. Defendants' actions and conduct were intentional and intended to harm Plaintiff FEHR.

30. As a result of the acts and conduct complained of herein, Plaintiff FEHR has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

31. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
**(Not As Against Individual Defendant)**

32. Plaintiff FEHR repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

33.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

34.     Defendant BROWNING'S FITNESS engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff FEHR because of his gender.

## SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

35.     Plaintiff FEHR repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

36.     New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

37.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by refusing to hire Plaintiff for the ""Part Time Front Desk Associate" because of his gender.

## JURY DEMAND

Plaintiff FEHR hereby requests a jury trial as to all issues triable by jury in the above-captioned civil action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff FEHR respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964 and the New York City Administrative Code § 8-107 in that Defendants subjected Plaintiff FEHR to gender discrimination;

B. Awarding damages to Plaintiff FEHR for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff FEHR compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff FEHR punitive damages;

E. Awarding Plaintiff FEHR attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F. Awarding Plaintiff FEHR such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       December 15, 2016

                                          **PHILLIPS & ASSOCIATES,**
                                          **ATTORNEYS AT LAW, PLLC**

                                          _/s/ David S. Schwartz_
                                          David S. Schwartz, Esq.
                                          Dorina Cela, Esq.
                                          *Attorneys for Plaintiff*
                                          45 Broadway, Suite 620
                                          New York, NY 10006
                                          Tel: (212) 248-7431
                                          Fax: (212) 901-2107
                                          dschwartz@tpglaws.com
                                          dcela@tpglaws.com

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Jesse Fehr
546 Hancock
Unit 5
Brooklyn, NY 11233

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

RECEIVED OCT 28 2016

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-02726 | Roxanne Zygmund, Investigator | (212) 336-3764 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,
District Director

OCT 25 2016
(Date Mailed)

Enclosures(s)

cc: Daniel H. Kennedy, III
Heneghan, Kennedy & Doyle, L.L.C.
980 Madison Avenue
5th Floor
New York, NY 10075

David Schwartz, Esq.
PHILLIPS & ASSOCIATES
45 Broadway
Suite 620
New York, NY 10006